UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TERRIA MCKNIGHT,

Plaintiff,

v.

TESLA MOTORS INC.,

Defendant.

Case No. 3:18-cv-00220-MMD-WGC

**ORDER**

Before the court is Plaintiffs' Application to Proceed in Forma Pauperis (IFP) (ECF No. 1) and pro se Complaint (ECF No. 1-1).

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*,

335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application should be granted.

## II. SCREENING

**A. Standard**

"The court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed IFP, whether or not the plaintiff is incarcerated. *See Lopez*, 203 F.3d at 1129; *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same standard as is applied under Rule 12(b)(6). *See Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

In reviewing the complaint under this standard, the court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative

level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiffs' Complaint**

Plaintiff's complaint names Tesla Motors Inc. as the sole defendant.

Plaintiff alleges that she was hired as a production associate with Tesla in January 2018, and on March 14, 2018, she filed a complaint with the human resources department due to a hostile work environment and defamatory emails she claimed were being sent by other employees, but got no response. She goes on to allege that days into her employment, a manager came to see her and accused her of being on the phone, and advised her there was no cellphone use while on the line, and berated her about the line being down. Plaintiff contends she was not on the phone, and in any event, she was instructed during orientation that cellphones were used to contact managers or leads and listen to music.

Next, Plaintiff asserts there was a day she was required to work mandatory overtime. She had the flu and came to work. She tried to explain she was sick and asked to work in the back so as not to contaminate anyone else, and then was degraded while the manager and supervisor observed.

She then asserts that on April 27, 2018, there was a garnishment of her wages, but she was not alerted until after she was paid.

She goes on to discuss an incident where there was a dispute about what her job entailed, causing Plaintiff to talk to a supervisor, and she was so nervous about losing her job that she

urinated on herself and had to go home early. She believes that this stemmed from an alleged defamatory email that went out from other engineers about her that human resources never addressed. She also mentions not having sufficient instruction to perform her job. She claims that she resigned on May 9, 2018 due to stressful working conditions.

In the first claim, Plaintiff asserts a violation of her due process rights, stating that her wages were garnished without due process and she was denied the liberty of a peaceful working environment. She subsequently references *Silk v. Metropolitan Life Insurance Company* and Nevada Revised Statute 31.270. The later states that a writ of garnishment shall be served by the sheriff of the county where the garnishee defendant is found in the same manner as is provided for service of a summons in a civil action under Nevada law. She states that the address on the document was not the same as the address in her employee file.

It is unclear what type of claim Plaintiff is attempting to assert here. Plaintiff merely states that her wages were garnished and then makes general reference to her due process rights, makes reference to a case without providing a citation, and then refers to a Nevada Revised Statute. First, it is unclear if Plaintiff is simply asserting that the Nevada statutory procedures were not followed when her wages were garnished. If so, the relationship to the Due Process Clause of the United States Constitution is uncertain.

Second, insofar as Plaintiff references *Silk v. Metropolitan Life Insurance*, the court has performed a Westlaw search which revealed a 2009 unpublished decision of the Ninth Circuit: 310 Fed.Appx. 138 (9th Cir. 2009). If this is the case Plaintiff is referring to, there the plaintiff sued Metropolitan Life Insurance Company for recovery of long term disability benefits under his employer's plan, which was governed by ERISA. *Silk* discusses the administrative exhaustion requirement, but Plaintiff makes no factual connection with her case to *Silk.*

Finally, Plaintiff mentions Nevada Revised Statute 31.270. Chapter 31 of the Nevada Revised Statutes includes statutes related to garnishment. The chapter allows a writ of garnishment to issue at the time or after a writ of attachment is issued to satisfy a judgment, which causes the money of a defendant in the possession or control of any third party to be attached as security for any judgment. Nev. Rev. Stat. 31.240. A court order is required for a writ of garnishment in aid of

attachment. Nev. Rev. Stat 31.249. The writ of garnishment must be served by the sheriff of the county where the garnishee defendant is found, unless the court directs otherwise, in the same manner as provided by rule of court or law of this state for service of a summons in a civil action. Nev. Rev. Stat. 31.270.

Plaintiff states that the address on the document, presumably the garnishment document, was not the same as the address in her employer file, but she does not specifically assert that it was not served by the sheriff of the county where she was "found" or any other facts that would give rise to liability on the part of Tesla.

Plaintiff simply does not include enough facts for the court to conclude there is any cognizable legal claim here related to the garnishment of wages. Plaintiff will be given leave to amend to attempt to assert a cognizable claim related to the garnishment that is supported by *factual* allegations. The basis for the federal court to exercise jurisdiction over this claim should also be made clear. In other words, if the basis is federal question jurisdiction, Plaintiff shall clearly alleged facts demonstrating a cognizable federal claim. If, on the other hand, the basis of the claim is State law, Plaintiff should make clear whether she is requesting that the court exercise supplemental jurisdiction over the claim or whether it is based on diversity jurisdiction. Under the former, district courts have supplemental jurisdiction over claims "that are so related to claims in the action within such original jurisdiction that they for part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. With respect to the later, district courts have original jurisdiction of civil actions where the matter in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a).

Next, Plaintiff appears to assert a hostile work environment claim under Title VII. She alleges that human resources did not address her complaint and allowed the hostility to continue. Under Title VII, an employer may not "discriminate against an individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). Harassment is unwelcome conduct *based on* race, color, religion, sex, or national origin, and is unlawful where enduring the conduct becomes a condition of continued employment or is severe or pervasive enough to create

a work environment that a reasonable person would consider intimidating, hostile or abusive. Plaintiff's allegations do not contend Plaintiff was discriminated against and subjected to a hostile work environment *on the basis* of her race, color, religion, sex or national origin, so as to invoke Title VII's protections.

The court also notes that Title VII has exhaustion requirements that must be met prior to filing a court action. 42 U.S.C. § 2000e-5; *Sommatino v. United States,* 255 F.3d 704, 708 (9th Cir. 2001). A person seeking relief under Title VII must first file a charge with the Equal Employment Opportunity Commission (EEOC) within 180 days of the alleged unlawful employment practice, or, if the person initially instituted proceedings with the state or local administrative agency, within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). If the EEOC does not bring suit based on the charge, it will issue a right to sue letter. 42 U.S.C. § 2000e-5(f)(1). Once a person receives the letter, he or she has ninety days to file suit. *Id.* Plaintiff does not state whether she exhausted her administrative remedies prior to filing suit, but the court discerns it is unlikely she did given her allegation that she resigned on May 9, 2018, and filed this action on May 14, 2018.

Plaintiff will nevertheless be given leave to amend to attempt to state a claim under Title VII. To reiterate, Title VII is implicated by alleged discrimination, i.e. that she was subjected to a hostile work environment on the basis of race, color, religion, sex, or national origin.

Plaintiff also makes a reference to 42 U.S.C. § 1983. Section 1983, however, governs alleged violations of rights protected by the Constitution or federal law caused by a person *acting under color of state law*. Plaintiff has sued Tesla, a private company, which is not a person acting under color of state law; therefore, Plaintiff does not state any claim under 42 U.S.C. § 1983.

### III. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 1) is **GRANTED**. Plaintiff is permitted to maintain this action without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting IFP status does not extend to the issuance of subpoenas at government expense.

(2) The Clerk shall **FILE** the complaint (ECF No. 1-1);

(3) The complaint is **DISMISSED WITH LEAVE TO AMEND**. Plaintiff has **THIRTY DAYS** from the date of this Order to file an amended complaint correcting the deficiencies noted above. The amended complaint shall be complete in and of itself without reference to any previous complaint. Any allegations, parties or requests for relief from prior pleadings that are not carried forward in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading as "AMENDED COMPLAINT." If Plaintiff fails to file an amended complaint within the time period prescribed, the action may be dismissed.

DATED: May 17, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE