1

2

3

4               UNITED STATES DISTRICT COURT

5                     DISTRICT OF NEVADA

6   TERRIA MCKNIGHT,                          Case No. 3:18-cv-00220-MMD-WGC

7                             Plaintiff,      **REPORT & RECOMMENDATION OF**
                                              **U.S. MAGISTRATE JUDGE**
8         v.

9   TESLA MOTORS INC.,

10                            Defendant.

11

12         This Report and Recommendation is made to the Honorable Miranda M. Du, United States

13   District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C.

14   § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

15         Before the court is Plaintiff's Amended Complaint (ECF No. 6), which the court will screen

16   pursuant to 28 U.S.C. § 1915.

17                              **I. BACKGROUND**

18         Plaintiff filed her application to proceed in forma pauperis (IFP) and pro se complaint

19   against Tesla Motors Inc., on May 14, 2018. (ECF Nos. 1, 1-1.)

20         The court granted the IFP application, but dismissed the complaint with leave to amend for

21   failing to state a claim upon which relief could be granted.

22         The original complaint attempted to assert claims related to alleged wrongful garnishment

23   of wages as well as a hostile work environment claim under Title VII. First, with respect to the

24   garnishment claim, the court found Plaintiff did not include sufficient facts for the court to

25   conclude there was a legally cognizable claim. Second, as to the Title VII claim, the court advised

26   Plaintiff that under Title VII, an employer may not discriminate against an individual on the basis

27   of race, color, religion, sex, or national origin. While she referenced a hostile work environment,

28   Plaintiff did not include allegations that she was subject to such environment on the basis of race,

1   color, religion, sex, or national origin.

2        Plaintiff filed her Amended Complaint on May 30, 2018, which the court will now screen.

3   (ECF No. 6.)

4   **II. SCREENING**

5   **A. Standard**

6        "The court shall dismiss the case at any time if the court determines that … the action or

7   appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or

8   (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

9   1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed IFP, whether or not the plaintiff is

10   incarcerated. *See Lopez*, 203 F.3d at 1129; *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001)

11   (per curiam).

12        Dismissal of a complaint for failure to state a claim upon which relief may be granted is

13   provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks

14   that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. §

15   1915(e)(2)(B)(ii), the court applies the same standard as is applied under Rule 12(b)(6). *See*

16   *Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a

17   plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is

18   the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim.").

19   Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of*

20   *America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

21        In reviewing the complaint under this standard, the court must accept as true the

22   allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts

23   in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted).

24   Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted

25   by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation

26   omitted).

27        A complaint must contain more than a "formulaic recitation of the elements of a cause of

28   action," it must contain factual allegations sufficient to "raise a right to relief above the speculative

1
2
3
4
5
6

level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

7
8
9
10

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

11   **B. Plaintiffs' Amended Complaint**

12
13
14
15

In the Amended Complaint, Plaintiff asserts the following claims: due process; harassment/hostile work environment; violation of 42 U.S.C. § 1983; pre-mature garnishment; violation of Rule 7004-service of summons, complaint; and, violation of the Consumer Protection Act. (ECF No. 6 at 1-2.)

16   **1. Harassment/Hostile Work Environment**

17
18
19
20
21
22
23
24

Plaintiff includes allegations including: a manager accused her of being on the phone, which she disputes; experiences she had with another co-worker who was rude to her; a co-worker reported Plaintiff was not doing her job properly, which Plaintiff disputed; an email was sent out regarding Plaintiff's job performance, which she disputed; a white male engineer reported Plaintiff yelled at him, which she disputed and deemed unwarranted; a man who appeared to be of Indian decent observed her doing her job and asked her questions; she claims she was degraded in front of others when she asked to work in the back because she was sick; and she was confronted about her job performance, which made her nervous. She resigned due to stressful working conditions.

25
26
27
28

She alleges that she filed a complaint with human resources about these events, and received no response. She then states that she believes that the conduct was based on race. She believes this based on a quote attributed to Elon Musk: "If you are part of a less represented group, you don't get a free pass on being a jerk yourself."

1       As was discussed in the court's prior order, under Title VII, an employer may not
2   "discriminate against an individual with respect to his compensation, terms, conditions, or
3   privileges of employment because of such individual's race, color, religion, sex, or national
4   origin[.]" 42 U.S.C. § 2000e-2(a)(1). Harassment is unwelcome conduct *based on* race, color,
5   religion, sex, or national origin, and is unlawful where enduring the conduct becomes a condition
6   of continued employment or is severe or pervasive enough to create a work environment that a
7   reasonable person would consider intimidating, hostile or abusive.

8       Plaintiff now asserts that she was treated poorly because of her race. Plaintiff describes the
9   facts which give rise to her harassment/hostile work environment claim, but none of those facts
10  indicate that she was discriminated against because of her race. She had disagreements with co-
11  workers and supervisors about her job performance, but none of the facts even remotely suggest
12  that it was because of her race. Instead, Plaintiff attributes her belief that she was treated this way
13  because of her race to a quote from Elon Musk that does not indicate racial discrimination towards
14  Plaintiff.  As such, the court recommends that Plaintiff's Title VII claim be dismissed. Since she
15  has already been given an opportunity to correct the deficiencies in the claim, the dismissal should
16  be with prejudice.

17      **2. Section 1983**

18      As was explained previously, section 1983 governs alleged violations of rights protected
19  by the Constitution or federal law caused by a person *acting under color of state law*. Plaintiff has
20  sued Tesla, a private company, which is not a person acting under color of state law; therefore,
21  Plaintiff does not state any claim under 42 U.S.C. § 1983.

22      **3. Garnishment**

23      Plaintiff references the due process clause, pre-mature garnishment, Rule 7004, and the
24  Consumer Protection Act as claims related to the garnishment of her wages.

25      Plaintiff alleges that on April 27, 2018, there was a garnishment of her wages, but the
26  payroll department did not alert her of the garnishment until after it was paid. While not entirely
27  clear, she also seems to assert that the garnishment notice did not contain her correct address.
28  ///

1    First, Plaintiff claims that this violated her due process rights because she did not receive

2    the writ of garnishment from Tesla before the wages were withheld, and if they had done so she

3    would have contacted her bankruptcy lawyer to stop the garnishment as the creditor was to be

4    included in a bankruptcy in 2015.

5    Generally speaking, following entry of a judgment finding that a debt is owed to a creditor,

6    after notice and a hearing, a court may issue a wage garnishment order and send it to an employer

7    to withhold a certain amount of money from a paycheck that is then sent directly to a creditor. *See*

8    Nevada Revised Statute (NRS) 31.013, 31.024, 31.026, 31.028. A judgment is not required for

9    unpaid income taxes, court-ordered child support, child support arrears or defaulted student loans.

10   NRS 31.295.

11   Execution of a writ of attachment requires service of a notice of execution by the judgment

12   creditor or sheriff on the judgment debtor. NRS 31.045. When the personal property to be executed

13   on is in the possession or control of another, it is attached by service of a writ of garnishment as

14   provided in NRS 31.240 to 31.460. NRS. 31.060(4).

15   A writ of garnishment may issue at the time or after an order directing a writ of attachment

16   issues, "which causes the money, … of the defendant in the possession or under the control of any

17   third person to be attached as security for any judgment the plaintiff may recover in the action

18   against the defendant." NRS 31.240. The writ of garnishment must, among other things, be

19   directed to the garnishee defendant. NRS 31.260. Execution on the writ of garnishment may only

20   occur if it is mailed by the sheriff with a copy of the notice of execution to the garnishee defendant.

21   NRS 31.260. The writ is served by the sheriff of the county where the garnishee defendant is found,

22   unless the court directs otherwise. NRS 31.270. In garnishing wages, the judgment creditor is

23   required to prepare an accounting and report and provide it to the judgment debtor and sheriff

24   every 120 days, and it must advise the judgment debtor of the right to request a hearing to dispute

25   any accrued interest, fee or other charge. NRS 31.296(4).

26   While the judgment creditor was required to serve Plaintiff with a notice of execution and

27   garnishment writ, advising of the right to notice and a hearing, Tesla, who was Plaintiff's

28   employer, would not have been subject to such requirements.

1    Plaintiff cites Rule 7004, which is the Federal Rule of Bankruptcy Procedure governing
2    process and service of a summons and complaint. This rule, which directs how service is made in
3    a bankruptcy case, has no application to a federal civil claim.

4    Plaintiff also references Federal Rule of Civil Procedure 12(c), arguing that as a matter of
5    law Tesla should have notified her when it received a legal document from the court. Federal Rule
6    of Civil Procedure 12 is a federal procedural rule in federal civil actions. Subsection c allows a
7    party to move for judgment on the pleadings after pleadings are closed. This rule also does not
8    provide a substantive claim in a federal civil case.

9    Finally, Plaintiff refers to 15 U.S.C. § 1692i, alleging that defendant withheld wages for a
10   debt collection and should be held liable. This statute is part of the federal Consumer Credit
11   Protection Act (CCPA), 15 U.S.C. § 1671, *et. seq.*, and this particular section discusses *where* a
12   *debt collector* bringing a *legal action* on a debt against a consumer must bring suit. Plaintiff admits
13   that Tesla was not the debt collector; therefore, this statute is inapplicable to Tesla. In any event,
14   this section simply governs where a legal action must be brought, but Plaintiff does not allege
15   Tesla brought a legal action against her to collect a debt.

16   The CCPA limits the amount of an individual's earnings that may be garnished and protects
17   an employee from being fired if their pay is garnished for a debt, but Plaintiff does not take issue
18   with the amount of wages garnished or that she was terminated because of a garnishment order.

19   For the foregoing reasons, Plaintiff's Amended Complaint does not state a claim upon
20   which relief may be granted related to the garnishment of her wages. Since Plaintiff has already
21   been given leave to correct the deficiencies with respect to a garnishment claim, this aspect of her
22   Amended Complaint should also be dismissed with prejudice.

### III. RECOMMENDATION

24   IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING**
25   the Amended Complaint **WITH PREJUDICE** for failing to state a claim upon which relief may
26   be granted.
27   ///
28   ///

- 6 -

1    Plaintiff should be aware of the following:

2        1. That she may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to

3    this Report and Recommendation within fourteen days of receipt. These objections should be titled

4    "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by

5    points and authorities for consideration by the district judge.

6        2. That this Report and Recommendation is not an appealable order and that any notice of

7    appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed

8    until entry of judgment by the district court.

9        DATED: June 7, 2018.

10

11    _____
     WILLIAM G. COBB
12    UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28