UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TERRIA MCKNIGHT,<br><br>                    Plaintiff,<br>v.<br><br>TESLA MOTORS INC.,<br><br>                    Defendant. | Case No. 3:18-cv-00220-MMD-WGC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 7) ("R&R") recommending dismissal of Plaintiff Terria McKnight's *pro se* Amended Complaint (ECF No. 6) with prejudice. Plaintiff has timely filed an objection (ECF No. 8).

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and

recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g., Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

In light of Plaintiff's objection, the Court has conducted a *de novo* review to determine whether to adopt Judge Cobb's R&R. Judge Cobb found that Plaintiff's allegations fail to state a claim for illegal hostile work environment under Title VII because the allegations do not show Plaintiff was discriminated against because of her race.[1] (ECF No. 7 at 4.) Plaintiff's objection recounts the alleged harassment and takes issue with Judge Cobb's failure to address her claim that the employer failed to address her complaint to her employer's HR department. (ECF No. 8 at 2-3.) However, Plaintiff's allegations fail to state a plausible claim for relief under Title VII because they do not demonstrate the alleged conduct she was subjected to was because of her race. *See* 42 U.S.C. § 2000e-2(a)(1). Title VII does not impose an affirmative duty on employers to investigate an internal complaint of harassment, though an investigation may provide employers a defense to an illegal harassment claim. *See Holly D. v. Cal. Inst. of Tech.*, 339 F.3d 1158, 1167 (9th Cir. 2003) (explaining the *Faragher/Ellerth* affirmative defense: "when the employee has been unlawfully harassed, but there has been no 'tangible employment action[;]' [then] the employer may avoid liability by proving the defense of 'reasonable care.'"). Thus, the fact that Plaintiff's employer failed to investigate her complaint does not give rise to a claim under Title VII.

---

[1] Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

Judge Cobb also recommends dismissal of Plaintiff's remaining claims, including claims under 42 U.S.C. § 1983 and claims relating to garnishment of Plaintiff's wages. (ECF No. 7 at 4-7.) Plaintiff's objection reasserts that her employer violates her constitutional rights. 42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. *See Graham v. Connor*, 490 U.S. 386, 393-94 (1989). However, because Plaintiff's employer is a private party and she does not allege that Defendant is a state actor, Plaintiff cannot seek to enforce her constitutional rights against her employer. *See West v. Atkins*, 487 U.S. 42, 48-49 (1988) (stating that a plaintiff asserting a claim under § 1983 "must show that the alleged deprivation [of constitutional rights] was committed by a person acting under color of state law.")

For the above reasons, this Court agrees with the R&R and overrules Plaintiff's objection.

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 7) is accepted and adopted in its entirety.

It is further ordered that Plaintiff's Amended Complaint is dismissed with prejudice.

The Clerk is directed to enter judgment in accordance with this order and close this case.

DATED THIS 25th day of September 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE